UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WASEEM ALAM,

        Plaintiff,

v.

        CASE NO. 5:20-CV-11407
        HONORABLE JUDITH E. LEVY

M.D. CARVAJAL,

        Defendant.

_____/

## OPINION AND ORDER OF DISMISSAL

The Court has before it Plaintiff Waseem Alam's pro se civil rights complaint brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). At the time he instituted this action, Plaintiff was a federal prisoner at the Federal Correctional Institution in Milan, Michigan. When he submitted his complaint, Plaintiff did not pay the required $350.00 filing fee and $50.00 administrative fee, nor did he submit an application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), overruled on other grounds, *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007); *see*

*also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Consequently, on June 9, 2020, the Court issued an Order of Deficiency requiring Plaintiff to either pay the full filing fee and administrative fee or submit a properly completed application to proceed without prepayment of the filing fee within 30 days – by July 9, 2020. The order provided that if he did not do so, his case would be dismissed.

Plaintiff did not correct the filing fee/application deficiency, or otherwise respond to the court's order, within the allotted time. Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . .," Fed. R. Civ. P. 41(b), and Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." E.D. Mich. L.R. 41.2. The Court may thus dismiss a civil action for failure to prosecute pursuant to those rules. *See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Because Plaintiff failed to correct the deficiency and

2

comply with the Court's order, his case is subject to dismissal for want of prosecution.

Additionally, in this case, the Federal Bureau of Prisons website indicates that Plaintiff was released from federal custody on July 24, 2020. *See* Waseem Alam Profile, Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/. Plaintiff's complaint requests that the Court "grant a release from custody under petitioner[']s own recognizance." (ECF No. 1, PageID.2.) Because Petitioner has already received the requested relief, the Court dismisses the case as moot.

Finally, on June 11, 2020, the Court issued a Notice Regarding Parties' Responsibility to Notify Court of Address Change. That notice provided that the failure to promptly notify the Court of an address change or updated contact information may result in dismissal of the case. The Local Rules of the Eastern District of Michigan authorize the Court to dismiss a case based upon a party's failure to keep the Court apprised of address changes and updated contact information. *See* E.D. Mich. L.R. 11.2. Pro se litigants have the same obligation as an attorney to notify the court of an address change. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *Watsy v. Richards*, No. 86-1856,

3

1987 WL 37151 (6th Cir. April 20, 1987); *Thompkins v. Metrish*, No. 2:07-CV-12; 2009 WL 2595604, *1 n. 1 (W.D. Mich. Aug. 20, 2009).

Plaintiff has not provided the Court with an updated address or other contact information after his release from federal custody. He has thus failed to comply with Local Rule 11.2 and the Court's notice. Consequently, his case is subject to dismissal for this additional reason. *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Harkleroad v. Astrue*, No. 4:03-CV-15, 2011 WL 3627161, *3 (N.D. Ohio Aug. 17, 2011) (dismissal for failure to prosecute appropriate when a pro se plaintiff fails to provide a current address); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954, *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas case for failure to provide current contact information and failure to exhaust state remedies).

Accordingly, for the reasons stated, the Court **DISMISSES WITHOUT PREJUDICE** the civil rights complaint. The Court also concludes that an appeal from this order cannot be taken in good faith.

*See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed and will not be reopened.

**IT IS SO ORDERED**.

Dated: August 10, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2020.

 s/William Barkholz
 WILLIAM BARKHOLZ
 Case Manager